## Justan et al. v. Rodgers Motor Lines, Inc.

*Jerome E. Parker*, for plaintiffs.
*Leach & Lenahan*, for defendant.

ROBINSON J., April 4, 1951.—Plaintiffs, as consignees of a shipment of fresh meat, declared against defendant motor carrier, alleging breach of a contract of carriage. Plaintiffs averred that defendant accepted the perishable cargo in New York City; that defendant undertook to deliver it to plaintiffs in Scranton, this county, on the following morning; that by reason of a two-day delay, in the delivery of the shipment, the meat spoiled causing plaintiffs a loss of $250.55, the value of the cargo.

Defendant objected preliminarily, contending that the terms of the shipping contract are illegal and unenforcible in that it provides for "extremely fast delivery" and "special terms" which are violative of the provisions of the Interstate Commerce Act. The objections were coupled with a motion for judgment.

The illegality does not appear from the allegations of the complaint and whether the transaction is illegal because of a departure by the carrier from its filed tariffs and certificated services resulting in a shipper's preference is a matter yet to be brought upon the record.

Pa. R. C. P. 1030 provides that: "The defenses of . . . illegality . . . shall be pleaded in a responsive pleading under the heading *'New Matter'*." Thus, defendant is required to plead by way of answer the factual material relied upon by way of defense. Plaintiff is not compelled to anticipate possible defenses in drawing the complaint.

Now, April 4, 1951, the preliminary objections are overruled, the motion for judgment for defendant is denied and defendant is allowed 20 days to file an answer.